IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY L. IRWIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED MINE WORKERS OF AMERICA )<br>HEALTH & RETIREMENT FUNDS )<br>)<br>Defendant. ) | 2:05cv1072 |

## MEMORANDUM ORDER

Plaintiff Timothy L. Irwin (Irwin) filed this action in the Court of Common Pleas of Allegheny County against Defendant United Mine Workers of America Health & Retirement Funds (UMWA Funds), for recovery of benefits under §502(a)(1) of the Employee Retirement Income Security Act (ERISA). After Defendant removed the case to this Court, the Court entered an Order on October 3, 2005 directing the parties to file briefs concerning Irwin's request for discovery and a jury trial. Upon consideration of the briefs, the Court finds that Plaintiff is not entitled to discovery or a jury trial.

The Court of Appeals for the Third Circuit has repeatedly held that claims for benefits under ERISA are equitable in nature, and thus plaintiffs seeking such benefits are not entitled to a jury trial. *See Turner v. CF & I Steel Corp.*, 770 F.2d 43 (3d Cir. 1985)("We therefore find ourselves in agreement with the other Courts of Appeals which have held that no jury trial is required in suits under § 502(a)(1)(B) by a beneficiary or participant against a trustee."); *Pane v. RCA Corp.*, 868 F.2d 631 (3d Cir. 1989)("In so holding, we joined other courts of appeals which had previously rejected the claim that in a suit for the recovery of benefits under an ERISA

employee benefit plan a litigant was entitled to a jury trial."); *Cox v. Keystone Carbon Co.*, 861 F.2d 390 (3d Cir. 1988).

Similarly, the Court of Appeals has clarified the standard of review for ERISA benefit claims where the plan gives the committee broad discretion: "Our standard of review is abuse of discretion because the Plan gives broad discretion to the Committee to determine eligibility benefits. Therefore, we must affirm unless we find the Committee's decision to be arbitrary or capricious." *Keating v. Whitmore Mfg. Co.*, 186 F.3d 418 (3d Cir. 1999). The Third Circuit has already held that the Plan at issue in this case is one that grants such discretion, and thus the arbitrary and capricious standard is applicable here. *Moats v. United Mine Workers of America Health and Retirement Funds*, 981 F.2d 685 (3d Cir. 1992). Such a review relies solely on the record below, and does not allow for any additional discovery. "Under the arbitrary and capricious standard of review, the 'whole' record consists of that evidence that was before the administrator when he made the decision being reviewed." *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997). Accordingly, the decision in this case will turn on a review of the record below, not on any additional evidence that might be learned now through discovery.

For the foregoing reasons, upon consideration of the Plaintiff's request for a jury trial and discovery, it is hereby

ORDERED that Plaintiff is not entitled to a jury trial or discovery in this case. An appropriate Amended Case Management Order follows.

BY THE COURT:

*Thos M. Hardiman*
Thomas M. Hardiman
United States District Judge


cc: All counsel of record